

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*970 Broad Street, Suite 700*
*Newark, New Jersey 07102*

*Direct Dial: (973) 645-2700*
*Facsimile: (973) 297-2006*

MMW/PL AGR
2018R00034

August 20, 2019

Paulette L. Pitt, Esq.
97 Main Street, Suite 206
Woodbridge, New Jersey 07095

Re: Plea Agreement with Nadia Moronta Pena

Dear Ms. Pitt:

This letter sets forth the plea agreement between your client, Nadia Moronta Pena ("PENA"), and the United States Attorney for the District of New Jersey ("this Office"). This plea will expire on **August 26, 2019 at 5:00 p.m.** if a fully executed copy of this agreement is not received by this Office on or before that date.

Charges

Conditioned on the understandings specified below, this Office will accept a guilty plea from PENA to a one-count Superseding Information, charging her with having knowledge of a felony offense—that is, conspiracy to distribute and possess more than 1 kilogram of heroin—and concealing that offense from lawful authorities in violation of 18 U.S.C. § 4 (Misprision of Felony). If PENA enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against PENA relating to the conduct set forth in the Indictment, Crim. No. 18-410 (JMV). Additionally, if PENA fully complies with all of the terms of this agreement, at the time of sentencing in this matter, this Office will move to dismiss the Indictment, Crim. No. 18-410 (JMV), against PENA.

However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, PENA agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by PENA, may be commenced against her, notwithstanding the expiration of the limitations period after PENA

signs the agreement.

Sentencing

The violation of 18 U.S.C. § 4 to which PENA agrees to plead guilty carries a statutory maximum prison sentence of 3 years' imprisonment and a statutory maximum fine equal to the greatest of: (1) 250,000; (2) twice the amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon PENA is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence PENA ultimately will receive.

Further, in addition to imposing any other penalty on PENA, the sentencing judge: (1) will order PENA to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; and (2) pursuant to 18 U.S.C. § 3583, may require PENA to serve a term of supervised release of not more than 1 year, which will begin at the expiration of any term of imprisonment imposed. Should PENA be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, PENA may be sentenced to not more than 1 year imprisonment, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on PENA by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of PENA's activities and relevant conduct with respect to this case.

Stipulations

This Office and PENA agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or PENA from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and PENA waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Immigration Consequences

PENA understands that, if she is not a citizen of the United States, her guilty plea to the charged offense will likely result in her being subject to immigration proceedings and removed from the United States by making her deportable, excludable, or inadmissible, or ending her naturalization. PENA understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. PENA wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause her removal from the United States. PENA understands that she is bound by her guilty plea regardless of any immigration consequences of the plea. Accordingly, PENA waives any and all challenges to her guilty plea and to her sentence based on any immigration consequences, and agrees not to seek to withdraw her guilty plea, or to file a direct appeal or any kind of collateral attack challenging her guilty plea,

conviction, or sentence, based on any immigration consequences of her guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against PENA. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service) or any third party from initiating or prosecuting any civil or administrative proceeding against PENA.

No provision of this agreement shall preclude PENA from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that her guilty plea or sentence resulted from constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between PENA and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CRAIG CARPENITO
United States Attorney

By: MELISSA M. WANGENHEIM
Assistant U.S. Attorney

APPROVED:

David Feder
Chief, Cyber Crimes Unit

I have received this letter from my attorney, Paulette L. Pitt, Esq. I have read it and/or it has been translated for me. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

Nadia Moronta Pena — Date: 08/22/2019

Nadia Moronta Pena

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

Paulette Pitt — Date: 8-22-19

Paulette L. Pitt, Esq.

INTERPRETING SERVICES PROVIDED BY TAMAHARA FAGUNDES

Plea Agreement With Nadia Moronta Pena ("PENA")

Schedule A

1. This Office and PENA recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and PENA nevertheless agree to the stipulations set forth herein.

2. The version of the United States Sentencing Guidelines effective November 1, 2018 applies in this case.

3. The applicable guideline is U.S.S.G. § 2X4.1, which sets a base offense level of 9 levels lower than the offense level for the underlying offense.

4. The underlying offense, distribution and possession of heroin, is governed by U.S.S.G. § 2D1.1. Pursuant to U.S.S.G. § 2D1.1(c)(5), because the underlying offense involved at least 1 kilogram but less than 3 kilograms of heroin, the base offense level is 30.

5. By decreasing the base offense level of the underlying offense by 9 levels, the resulting offense level is 21. The maximum offense level pursuant to U.S.S.G. § 2X4.1 is 19, thus the offense level is 19.

6. The defendant had a mitigating role in the offense of between a minor participant (U.S.S.G. § 3B1.2(b)) and minimal participant (U.S.S.G. § 3B1.2(a)), within the meaning of U.S.S.G. § 3B1.2. Thus, a 3-level decrease is warranted.

7. PENA reserves the right to move for a downward departure based on the defendant's mental and emotional conditions, pursuant to U.S.S.G. § 5H1.3. The Government reserves the right to oppose such a motion. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein.

8. As of the date of this letter, PENA has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if PENA's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

9. As of the date of this letter, it is expected that PENA will assist authorities in the investigation or prosecution of her own misconduct by timely notifying authorities of her intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the Court to

allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in PENA's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) PENA enters a plea pursuant to this agreement, (b) this Office in its discretion determines that PENA's acceptance of responsibility has continued through the date of sentencing and PENA therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) PENA's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

10. In accordance with the above, the parties agree that the total Guidelines offense level is 13 (the "agreed total Guidelines offense level").

11. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

12. PENA knows that she has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 13. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 13. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

13. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.